UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INDEMNITY COMPANY | § § § | |
| V. | § § § | CASE NO.: _____ |
| RURAL TRASH SERVICE, INC., JOSEPH RIOS, AND ANGELA RIOS | § § § | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Scottsdale Indemnity Company, hereby sues Defendants Rural Trash Service Inc., Joseph Rios, and Angela Rios and seeks a Declaratory Judgment pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedures for purposes of determining a question of actual controversy between the parties.

### PARTIES AND JURISDICTIONAL ALLEGATIONS

1. At all pertinent times, Plaintiff Scottsdale Indemnity Company ("Scottsdale") is an insurance company incorporated and organized under the laws of the State of Ohio, having its principal place of business in the State of Arizona.

2. At all pertinent times, Defendant Rural Trash Service, Inc. ("Rural Trash") is a Texas corporation with its principal place of business in Needville, Texas.

3. At all pertinent times, Defendant Joseph Rios is an individual resident citizen of the State of Texas.

4. At all pertinent times, Defendant Angela Rios is an individual resident citizen of the State of Texas. (Both Defendant Joseph Rios and Defendant Angela Rios may jointly be referred to as "Underlying Plaintiffs.)

5. Even though Underlying Plaintiffs are not a party to the Policy at issue, Underlying Plaintiffs will not be bound by a judgment rendered as to the Policy's scope of coverage unless they are made a party to this lawsuit. *Dairyland County Mutual Insurance vs. Childress,* 650 S.W.2d 770 (Tex. 1983*).*

6. This Court has original jurisdiction over this action because the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Accordingly, jurisdiction is predicated on diversity of citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332 and on the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

7. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

## NATURE OF THE CLAIM

8. This is an action for Declaratory Judgment pursuant to 28 U.S.C. § 2201 for the purposes of determining the rights and obligations, if any, of the parties to Policy No. CA10045787 ("Policy") issued by Scottsdale Indemnity Company to Rural Trash. An actual controversy exists regarding whether coverage is afforded under the terms, conditions, provisions, limitations, and exclusions of the Policy for the claims and alleged damages asserted in the Underlying Lawsuit, defined below in Paragraph 9.

## UNDERLYING CLAIM

9. Underlying Plaintiffs Joseph Rios and Angela Rios have initiated the matter *Joseph Rios and Angela Rios vs. Rural Trash Services, Inc. and Bubble Tight USA, LLC,* in the District Court of Fort Bend County, 400th Judicial District, Cause No. 14-DCV-218669, ("Underlying Lawsuit".) A copy of the petition from the underlying civil action is attached as Exhibit "A."

10. Upon information and belief, on or about October 16, 2014, Joseph Rios was allegedly injured in a fire occurring in Needville, Texas, while working for Rural Trash ("the Accident").

11. At the time of the Accident, Joseph Rios was employed as a driver for Rural Trash, a motor carrier authorized by the Texas Department of Motor Vehicles.

12. At the time of the Accident, Joseph Rios was allegedly operating the truck under Rural Trash's authority and was acting in the course and scope of his employment.

13. Specifically, Underlying Plaintiffs allege that Joseph Rios was in the act of emptying dumpsters at Bubble Tight USA when a fire erupted in a dumpster, spilling the storage area of his truck. Mr. Rios allegedly left the truck to seek help but was ordered to re-enter his vehicle by unidentified Rural Trash employees. Mr. Rios was instructed to lower the burning dumpster to the ground to lower the scope of the fire and save the burning truck. The fire triggered an explosion shortly after Mr. Rios re-entered the cab of the truck, causing him to suffer burns on over thirty percent of his body.

14. Underlying Plaintiffs allege that the fire and subsequent explosion were caused by the improper disposal of hazardous materials by Bubble Tight. The petition alleges that Bubble Tight and Rural Trash had prior notice that Bubble Tight regularly engaged in the improper disposal of chemicals, appliances and batteries, and that Bubble Tight ignored this warning and Rural Trash failed to enforce proper disposal protocols.

15. Underlying Plaintiffs allege a claim for negligence against Bubble Tight and Rural Trash for the following non-exclusive reasons: improperly storing hazardous materials; improperly disposing of hazardous materials; failing to heed safety warnings regarding the disposal of hazardous materials; failing to provide adequate safety equipment; failing to maintain

a safe work site; failing to provide timely assistance; promulgating policies and procedures that were inadequate and unsafe; contributing to an unsafe work site; filing to warn of a known hazard; placing profits over safety; and failing to read, understand, and follow published safe work policies and procedures.

16. Underlying Plaintiffs also assert a claim for gross negligence against Bubble Tight and Rural Trash.

17. Underlying Plaintiffs seek the following damages: past and future medical costs, lost wages, pain and suffering, disfigurement, permanent impairment, loss of consortium, and other related damages. Underlying Plaintiffs state that their economic damages do not exceed $10,000,000.

## POLICY PROVISIONS

18. Plaintiff Scottsdale issued Commercial Auto Policy No. CAI0045787 ("the Policy") to Defendant Rural Trash, effective March 15, 2014—March 15, 2015. A certified copy of the Policy (with premium information redacted) is attached to this Complaint as Exhibit "B." All provisions of the Policy are adopted and incorporated herein by reference.

19. The insuring agreement in the Policy provides that "We will pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The Policy defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these."

20. The Policy contains the following exclusions:

    **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
    **B. Exclusions**
        This insurance does not apply to any of the following:

3

* * * *

3.  **Workers' Compensation**

    Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

4.  **Employee Indemnification And Employer's Liability**

    "Bodily injury" to:

    a.  An "employee" of the "insured" arising out of and in the course of:

        (1) Employment by the "insured"; or

        (2) Performing the duties related to the conduct of the "insured's" business; or

    b.  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

    This exclusion applies:

    (1) Whether the "insured" may be liable as an employer or in any other capacity; and

    (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

    But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to worker's compensation benefits or to liability assumed by the "insured" under an "insured contract." For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.

## FIRST REQUEST FOR RELIEF – DECLARATORY JUDGMENT

21. Plaintiff Scottsdale incorporates by reference paragraphs 1 through 20 of this Complaint as if set forth fully herein.

22. An actual controversy has arisen between Scottsdale and Defendants.

23. Based upon the foregoing facts and Policy language, Plaintiff Scottsdale contends that it has no duty under the Policy to defend Rural Trash in the Underlying Lawsuit based upon the Workers' Compensation Exclusion and/or the Employee Indemnification and Employer's Liability Exclusion.

24. Based upon the foregoing facts and Policy language, Plaintiff Scottsdale contends that it has no duty under the Policy to indemnify Rural Trash in the Underlying Lawsuit based upon the Workers' Compensation Exclusion and/or the Employee Indemnification and Employer's Liability Exclusion.

25. Plaintiff Scottsdale believes that there may be other coverage defenses which may be revealed during discovery in this action, including the Pollution Exclusion, and, accordingly, incorporates all terms, conditions, exclusions and other provisions in the Policy as defenses to any claims of coverage by Defendants.

26. Thus, there presently exists a justiciable controversy between the parties as to the rights and obligations of Plaintiff Scottsdale and Defendants. Under 28 U.S.C. § 2201(a), the Court may and should declare the rights of the parties with respect to this controversy.

WHEREFORE, Plaintiff Scottsdale Indemnity Company respectfully requests that this Court assume jurisdiction over this cause and enter a declaratory judgment against Defendants as follows:

    a. That Defendants be cited to answer and appear;

    b. That Plaintiff Scottsdale has no obligation under the Policy to defend Rural Trash in Joseph and Angela Rios' Underlying Lawsuit;

    c. That Plaintiff Scottsdale has no obligation under the Policy to indemnify Rural Trash in Joseph and Angela Rios' Underlying Lawsuit; and

  d. That this Court grant such further and different relief as may be appropriate to accomplish justice and equity among the parties.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:  */s/ Mary Cazes Greene*
   Mary "Amy" Cazes Greene
   TBN 24005647
   One Allen Center
   500 Dallas Street • 13th Floor
   Houston, Texas 77002
   Telephone: (713) 626-1386
   Telecopier: (713) 626-1388
   Email: greenea@phelps.com

ATTORNEYS FOR PLAINTIFF
SCOTTSDALE INDEMNITY COMPANY