United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INDEMNITY COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00619 |
| | § | |
| RURAL TRASH SERVICE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Scottsdale Indemnity Company's ("Scottsdale") Opposed Motion for Reconsideration (Doc. #21). Having considered the arguments and the applicable law, the Court vacates its prior Order (Doc. #20) and grants Plaintiff's Motion.

## I. Background

This is a declaratory judgment action by Plaintiff Scottsdale Indemnity Company. Plaintiff seeks a judgment that it has no duty to defend its insured, Rural Trash Service, Inc. ("Rural Trash"), in a tort lawsuit. The tort lawsuit was brought by a Rural Trash employee, Joseph Rios, in connection with injuries that he suffered on the job.

Joseph Rios worked as a garbage truck driver for Rural Trash. Doc. #1-2 at 2. On October 16, 2014, Rios was emptying dumpsters at a company called Bubble Tight USA ("Bubble Tight"). *Id.* A fire erupted in the dumpster, spilling into the storage area of Rios' truck. *Id.* Rios alleges that he left the truck to seek help, but other Rural Trash employees told him to get back into the truck and lower the burning dumpster to the ground to limit the scope of the fire and save the truck. *Id.* The fire triggered an explosion, which left Rios with severe burns on over thirty percent of his body. *Id.* On October 24, 2014, Joseph and Angela Rios filed suit against

Rural Trash and Bubble Tight in Fort Bend County, Texas, alleging negligence and gross negligence. Doc. #1-2.

At the time of the accident, Rural Trash held a commercial auto insurance policy from Scottsdale ("the Policy"). Doc. #14 at 3. On November 21, 2014, Scottsdale accepted the defense of the case under a reservation of rights. *Id.* On March 9, 2015, Scottsdale filed this action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 that it has no duty to defend its insured, Rural Trash, in the Rios' lawsuit. Doc. #1.

The Policy covers bodily injury and property damage to third parties, specifically

> all sums an `insured' legally must pay as damages because of `bodily injury' or `property damage' to which this insurance applies, caused by an `accident' and resulting from the ownership, maintenance or use of a covered `auto'.

Doc. #14-2 at 26. But the Policy excludes coverage for employee injury or claims which might implicate Worker' Compensation:

> **B. Exclusions**
> This insurance does not apply to any of the following:
>
> **3. Workers' Compensation**
>
> Any obligation for which the "insured" or the "insured's" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.
>
> **4. Employee Indemnification And Employer's Liability**
> "Bodily injury" to:
>
> a. An "employee" of the "insured" arising out of and in the course of:
> (1) Employment by the "insured"; or
> (2) Performing the duties related to the conduct of the "insured's" business; or
> b. The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

On September 30, 2015, Scottsdale moved for summary judgment, arguing that it had no duty to defend its insured, Rural Trash, because Rios' injury is excluded from coverage by the

Policy. Doc. #14. Rural Trash did not respond, and the Court granted Scottsdale's motion. Doc. #16. Later, it was revealed that Scottsdale did not serve Rural Trash, and the Court vacated its Order to give Rural Trash an opportunity to respond. Doc. #18.

In its Response, Rural Trash argued that Scottsdale had a duty to defend because a factual question existed as to whether Rios was acting in the course and scope of his employment when he was injured. Doc. #19. The Court accepted Rural Trash's argument and denied Scottsdale's motion for summary judgment. Doc. #20. Now, Scottsale moves for reconsideration of that decision.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

If the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *See Celotex*, 477 U.S. at 325. While the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation omitted). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law."

*Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

When the moving party has met its Rule 56 burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008).

**B. Duty to Defend**

An insurer's duty to defend is expansive—that is, "if any allegation in the complaint is even potentially covered by the policy, then the insurer has a duty to defend its insured." *Snug Harbor, Ltd. v. Zurich Ins.*, 968 F.2d 538, 545 (5th Cir. 1992) (citing *Enserch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1492 (5th Cir. 1992) (emphasis added). Nevertheless, this duty is not limitless: Although the outer boundary of a policy's potential coverage may be expansive, an insurer's duty to defend ceases there. *Id.* (citations omitted). In determining whether an insurer had a duty to defend, the court looks to the face of the pleadings. *Id.* "The insurer is under a legal duty to defend if, and only if, the petition alleges facts construing a cause of action within the

coverage of the policy." *Id.* (citation omitted). The courts will not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage. *Nat. Union Fire v. Merch. Fast Motor Lines*, 939 S.W.2d 139, 142 (Tex. 1997).

## III. Analysis

Here, the Court finds that Scottsdale has no duty to defend Rural Trash. The Employee Exclusion in Rural Trash's Policy bars coverage for "bodily injury" to an "employee" of the insured "arising out of and in the course of employment." Doc. #14-2 at 27-28. The Petition alleges that at the time of the accident, Rios was working as a garbage truck driver for Rural Trash. Doc. #1-2 at 2. He was emptying dumpsters at Bubble Tight when the fire erupted. *Id.* He left the truck to seek help, but was ordered to reenter the truck by Rural Trash Service employees. *Id.* He was instructed to lower the burning dumpster to the ground to limit the scope of the fire and save the burning truck. *Id.* Accordingly, the Court is satisfied that Rios was acting in the course of his employment with Rural Trash at the time of the accident.

Rural Trash argues that the Petition does not specify *which* Rural Trash employees ordered Rios back into the truck or whether they had authority to do so. Doc. #19. But the Court will not imagine a factual scenario in which that would trigger coverage. Accordingly, the Court holds that Scottsdale has no duty to defend Rural Trash.

## IV. Conclusion

For the reasons explained above, the Court's prior Order denying summary judgment (Doc. #20) is VACATED. Plaintiff's Motion for Reconsideration (Doc. #21) is GRANTED. Plaintiff's Motion for [Partial] Summary Judgment (Doc. #14) is GRANTED.

It is so ORDERED.

MAY 24 2016

Date

The Honorable Alfred H. Bennett
United States District Judge